IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JOSEPH QUESADA, )<br>)<br>Petitioner, )<br>v. )<br>)<br>MICHAEL P. ATCHISON, )<br>)<br>Respondent. ) | No. 12 C 8264<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Petitioner Joseph Quesada has filed a pro se petition for habeas corpus relief pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. For the reasons discussed below, the habeas petition is denied and the court declines to issue a certificate of appealability.

## BACKGROUND

In 2005, petitioner, who was fourteen years old at the time of the offense, and his codefendant, Enrique Cueto, both street gang members, were convicted of the first degree murder of Oscar Ricardo, a member of a rival street gang, in a dual jury trial in the Circuit Court of Cook County, Illinois. Petitioner was sentenced to fifty years in prison.

Petitioner appealed to the state appellate court, arguing that the August 2005 amendment to the Illinois juvenile transfer statute (705 ILCS 405/5-805(3)) applied retroactively to his case. On December 26, 2007, the Illinois Appellate Court rejected this argument and affirmed petitioner's conviction and sentence. Petitioner then filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court, raising the same retroactivity argument. On March 26, 2008, the court denied the PLA.

On October 3, 2008, petitioner filed a pro se post-conviction petition in the Circuit Court of Cook County, alleging that his direct appeal counsel was ineffective for failing to argue that the evidence used to convict him of first-degree murder was insufficient. Petitioner was appointed counsel, who filed a supplemental post-conviction petition, alleging that: (1) the prosecution violated petitioner's due process rights by knowingly presenting false testimony to the grand jury from a Chicago detective; (2) trial counsel was ineffective because he failed to challenge a defective indictment and preserve the issue for appeal; and (3) petitioner's direct appeal counsel was ineffective because he did not raise the due process or sufficiency of evidence claims. The trial court denied the post-conviction petition on September 10, 2010.

Petitioner appealed to the Illinois Appellate Court, raising the same three arguments presented in the supplemental post-conviction petition. On March 20, 2012, the state appellate court affirmed the trial court's denial of the post-conviction petition. Petitioner subsequently filed a PLA to the Illinois Supreme Court, arguing that: (1) the prosecution violated petitioner's due process rights by knowingly presenting false testimony to the grand jury, and (2) petitioner's direct appeal counsel was ineffective for failing to challenge the sufficiency of evidence. On September 26, 2012, the state supreme court denied the PLA.

On October 15, 2012, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising four claims:

- A: The evidence presented at trial was insufficient to convict petitioner of first degree murder beyond a reasonable doubt;

- B: The prosecution knowingly presented the grand jury false testimony from a Chicago detective to procure an indictment;

- C: Direct appeal counsel was ineffective for failing to argue that: (1) the evidence was insufficient to convict petitioner of first degree murder; (2)

>    the prosecution knowingly presented the grand jury false testimony; and
>    (3) trial counsel was ineffective for not challenging the indictment; and

> D:   Petitioner was denied his due process and equal protection rights because the Illinois Appellate Court failed to apply the amended Illinois juvenile transfer statute to his case retroactively.

## **LEGAL STANDARDS**

### I. Procedural Default

A petitioner must exhaust his or her available remedies for federal habeas review to be appropriate. 28 U.S.C. § 2254(b)(1)(A); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); Stevens v. McBride, 489 F.3d 883, 894 (7th Cir. 2007) (failing to take a claim through one complete round of the appellate process results in procedural default). The purpose of requiring exhaustion is to give state courts a "full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan, 526 U.S. at 845; see Harris v. McAdory, 334 F.3d 665, 668 (7th Cir. 2003) ("A petitioner must give the state court a meaningful opportunity to consider the substance of the claims later presented in federal court."). In Illinois, this means that a petitioner must have appealed directly to the Illinois Appellate Court and presented the claim in a petition for leave to appeal to the Illinois Supreme Court. See O'Sullivan, 526 U.S. at 845. If the petitioner's claims are not exhausted in state court, they are procedurally defaulted and a federal court may not consider them on the merits. Id. at 848.

A federal court may excuse procedural default if the petitioner demonstrates either cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v.

3

Thompson, 501 U.S. 722, 750 (1991). To demonstrate cause and prejudice, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). These objective factors include "interference by officials that makes compliance with the State's procedural rule impracticable," "a showing that the factual or legal basis for a claim was not reasonably available to counsel," and "ineffective assistance of counsel." McCleskey v. Zant, 499 U.S. 467, 494 (1991) (internal quotation marks omitted). Typically, those who suffer a fundamental miscarriage of justice will satisfy the cause and prejudice test as well. Murray, 477 U.S. at 495-496. In cases where cause and prejudice standards are not met, a petitioner may present evidence that "a constitutional violation has probably resulted in the conviction of one who is actually innocent," which satisfies the fundamental miscarriage of justice standard. Id. at 496. Petitioner must then show that no reasonable juror would have found him guilty but for the alleged error. Bolton v. Akpore, 730 F.3d 685, 697 (7th Cir. 2013).

**II. 28 U.S.C. § 2254**

This petition is governed by the provisions of the AEDPA, see Lindh v. Murphy, 521 U.S. 320, 336 (1997), which allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, federal courts are not authorized to grant habeas relief based on errors of state law. Estelle v. McGuire, 502 U.S. 62, 68 (1991).

A petitioner for habeas relief must establish that the challenged State court decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as

4

determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The relevant state court decision to review is the decision of the last state court to rule on the merits of petitioner's claim. Charlton v. Davis, 439 F.3d 369, 374 (7th Cir. 2006).

A state court's decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from relevant Supreme Court precedent and arrives at a result opposite to" the Court. Williams v. Taylor, 529 U.S. 362, 404-406. A state court's decision involves an "unreasonable application" of clearly established federal law if: (1) the state court correctly identifies the governing legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case; or (2) the state court unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. Id. at 407. A federal habeas court "may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Jackson v. Frank, 348 F.3d 658, 662 (7th Cir. 2003). Rather, the court should issue the writ only if it concludes that the state court's application of federal law was "objectively unreasonable," not simply incorrect. Williams, 562 U.S. at 409-10. This is a difficult standard to meet because "unreasonable" means "something lying well outside the boundaries of permissible differences of opinion." McFowler v. Jaimet, 349 F.3d 436, 447 (7th Cir. 2003).

5

## ANALYSIS

I.   **CLAIM A: The Evidence at Trial was Insufficient to Convict Petitioner of First Degree Murder**

Petitioner first argues that the evidence presented at trial was insufficient to convict him of first degree murder beyond a reasonable doubt. Respondent answers that petitioner procedurally defaulted this claim because he did not raise it through one complete round of state court review. Rather, Claim A was embedded in petitioner's ineffective assistance of counsel claim presented to the state court in the post-conviction petition. Respondent further argues that even if the claim is not procedurally defaulted, petitioner has not presented clear and convincing evidence to disprove the state court's factual findings, rendering the claim meritless.

If the petitioner has not exhausted his state court remedies either on direct appeal or in post-conviction proceedings, his federal claim is procedurally defaulted. Malone v. Walls, 538 F.3d 744, 753 (7th Cir. 2008). In Malone, the Seventh Circuit concluded that when a claim raised in a petition for habeas relief is embedded in a claim raised in a complete round of state court review, the embedded claim has been sufficiently raised if petitioner set out the factual and legal bases for his embedded claim, such that the state court had an opportunity to address the underlying claim. Id. at 755 ("Here, however, it is clear that Mr. Malone raises ineffective assistance of appellate counsel as a means for the court to reach the [embedded claim] i.e., as the cause for failing to raise the [embedded] claim.").

In his post-conviction petition, petitioner did not present an independent claim that the evidence presented at trial was insufficient to convict him of first degree murder. He did, however, embed this claim in his ineffective assistance of appellate counsel claim. In addressing

the ineffective assistance of counsel issue, the state courts reached the merits of the sufficiency of evidence claim. Therefore, the claim is not procedurally defaulted.

A petitioner is entitled to habeas relief based on a sufficiency of evidence claim if he presents evidence that, when viewed "in the light most favorable to the prosecution," no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In Jackson, the petitioner was convicted of first degree murder, and the Supreme Court determined that the evidence presented at trial was sufficient that petitioner intended to kill the victim because, before shooting the victim twice, petitioner fired several shots into the ground and reloaded his gun, petitioner claimed he was intoxicated, but drove from Virginia to North Carolina after shooting the victim, and petitioner had previously expressed an intention to have sexual relations with the victim, and she was found partially unclothed. Given these facts, the Supreme Court concluded a rational trier of fact could find the petitioner intended to kill the victim. Similarly, in Cavazos v. Smith, 132 S.Ct. 2 (2011), in which the defendant was convicted of assault on a child resulting in death, the Supreme Court concluded that, despite conflicting expert testimony on the child's cause of death, the evidence was sufficient to support a conviction.

In the instant case, a witness, Carlos Villegas, testified that he saw petitioner and his codefendant, Cueto, drive past the victim three times, and that Cueto was driving the car and petitioner was in the backseat. He further testified that he saw petitioner extend his hand and point away from his body, but could not see anything in petitioner's hand. A second witness, Nicholas Galvez, who was a friend of the victim and a member of the same gang as the victim, testified that he saw shots fired from the backseat of the car.

7

A third witness, Jorge Sotello, who was also fourteen years old at the time of the offense, testified to the grand jury that he was in the car with petitioner and Cueto, and he saw petitioner, who was sitting in the backseat, shoot the victim. At trial, Sotello recanted his grand jury testimony and claimed that the police coerced him to sign the statement in which he admitted he saw petitioner shoot the victim; he repeated the substance of that statement to the grand jury. Despite Sotello's recantation, when viewed in the light most favorable to the prosecution, the evidence was sufficient to convict petitioner. Accordingly, Claim A fails on the merits.

## II.  CLAIM B: The Prosecution Knowingly Presented False Testimony to the Grand Jury

Petitioner next alleges that the prosecutor knowingly presented "perjured" testimony from Chicago Police Detective Mason to the grand jury. Detective Mason stated that petitioner shot the victim, although his partner, Detective Richard Milz, was given a description of the shooter that did not fit petitioner. At trial, Detective Mason did not repeat his earlier statement that petitioner had shot the victim. Petitioner primarily relies on Napue v. Illinois, 360 U.S. 264 (1959), and Mooney v. Holohan, 294 U.S. 103 (1935), to support his claim, arguing that "prosecutors must correct false testimony," and that placing a defendant on trial with an indictment procured through perjured testimony is a structural defect in the trial process. Napue and Mooney are inapposite to petitioner's case, however, because both refer to convictions obtained through the State's deliberate use of false evidence at trial, not grand jury proceedings.

The case law supports the contention that a conviction based on false testimony, but not necessarily an indictment based on false testimony, is a constitutional violation. See Napue, 360 U.S. at 269-70 (concluding that false testimony used to obtain a tainted conviction is a violation

8

of the criminal defendant's due process rights because the false testimony renders the trial unfair); U.S. ex rel. Coleman v. Shaw, 2009 WL 1904370, at *11 (N.D. Ill. July 1, 2009) (concluding that false testimony given by a witness in grand jury proceedings that is not repeated at trial renders the false testimony harmless). A petit jury's guilty verdict renders the alleged prejudice of the grand jury harmless because it demonstrates "that there was probable cause to believe that the defendant[] [was] guilty as charged." U.S. v. Mechanik, 475 U.S. 66, 70.

Accordingly, because petitioner was convicted in a petit jury trial, any error in the grand jury was harmless, and petitioner's claim fails.[1]

## III.    CLAIM C: Ineffective Assistance of Appellate Counsel

### Claim C1:  Sufficiency of Evidence

Under the ineffective assistance of counsel claims, petitioner first argues that his direct appellate counsel was ineffective for failing to raise his sufficiency of evidence claim. Further, petitioner maintains that a reasonable likelihood existed that the result from direct appeals would have been different if counsel had mounted this challenge. Under Strickland v. Washington, 466 U.S. 668, 687 (1984), a petitioner must show that his attorney's performance was deficient and that the deficiency resulted in prejudice. In Claim A, the court addressed the merits of petitioner's sufficiency of evidence argument, and determined that it failed. Accordingly, appellate counsel's failure to raise the issue did not prejudice petitioner, and Claim C1 fails.

---

[1] Petitioner additionally alleges that the Cook County State's Attorney office "has an established history of wrongful convictions and in this case it has demonstrate [sic] a willingness to knowingly utilize perjured testimony to place petitioner on trial." The court notes that indictments will be upheld even with allegations of prosecutorial misconduct and irregularity during grand jury proceedings. See Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988).

9

### Claims C2 and C3: Failure to Challenge Indictment and Failure to Argue that Prosecution Knowingly Presented False Testimony to the Grand Jury

Petitioner also alleges that his direct appellate counsel was ineffective for failing to challenge the indictment and failing to argue that the prosecution knowingly presented false testimony to the grand jury. Respondent replies that these claims are procedurally defaulted.

The court agrees that Claims C2 and C3 are procedurally defaulted. Petitioner raised the issues in his post-conviction petition and post-conviction appeal, but failed to raise the issues in the PLA to the Illinois Supreme Court. Petitioner has not argued that his procedural default should be excused. Accordingly, this court lacks jurisdiction to address Claims C2 and C3. Additionally, because petitioner was convicted by a petit jury, the error at the grand jury stage is rendered harmless, and these claims fail on the merits.

### IV. CLAIM D: Denial of Due Process and Equal Protection for State's Failure to Apply the Amended Illinois Juvenile Transfer Statute Retroactively

Petitioner contends that the state court denied petitioner's due process and equal protection rights by failing to apply retroactively the amended Illinois juvenile transfer statute, which regulates the discretionary transfer of minors from juvenile to criminal court. The respondent argues that this claim: (1) is not cognizable because it relates to state, not constitutional, law; (2) is procedurally defaulted; and (3) is barred by Teague v. Lane, 489 U.S. 288 (1989), which states that only constitutional rules in place at the time of a criminal defendant's conviction can be applied to the defendant's case.

The court agrees that Claim D is an issue of state procedural law, not constitutional law. In United States ex rel. Ollins v. Cooper, 1997 WL 567794 (N.D. Ill. Sept. 2, 1997), the court concluded a petitioner seeking habeas relief cannot raise the issue of whether he was properly

10

transferred from juvenile to criminal court under Illinois law because that is not a constitutional question. Id. at *2 (concluding that the allegedly improper transfer made under the Illinois Juvenile Court Act of 1987 "does not allege constitutional error, but rather an error of state law").

Ollins is analogous to the instant case. Because petitioner's claim relates to a state law issue of whether petitioner was improperly transferred to criminal court, it is not a federal constitutional issue and cannot be addressed by this court.

## V.     CERTIFICATE OF APPEALABILITY

A habeas petitioner is entitled to a certificate of appealability only if he has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To make that showing, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter to agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the court has rejected the constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. Id. at 484-85. When "the court has denied a habeas petition on procedural grounds without reaching the petition's underlying constitutional claims . . . a petitioner must also show that jurists could debate whether the court's procedural ruling was correct." Id.

In the instant case, the court concludes that: (1) petitioner's sufficiency of evidence claim fails on the merits; (2) the false testimony given to the grand jury resulted in harmless error; (3) petitioner's ineffective assistance of counsel claim based on appellate counsel's failure to raise a

sufficiency of evidence claim fails on the merits, and the claims based on appellate counsel's failure to challenge the indictment and failure to argue that the prosecution knowingly presented false testimony to the grand jury are procedurally defaulted and fail on the merits; and (4) petitioner's claim that he was denied due process and equal protection because the amended Illinois juvenile transfer statute was not retroactively applied to him is not a federal constitutional question. The petitioner has not shown that reasonable jurists could debate these conclusions. The court therefore declines to issue a certificate of appealability on any of petitioner's claims.

## CONCLUSION

For the reasons discussed above, the petition for writ of habeas corpus is denied. The court declines to issue a certificate of appealability.

**ENTER:** **September 18, 2014**

_____
**Robert W. Gettleman**
**United States District Judge**